UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RANDY LENARD JENKINS,            )
                                 )
     Plaintiff,                  )
                                 )
v.                               )    CV416-219
                                 )
BENJAMIN FERRERO,                )
                                 )
     Defendant.                  )

# ORDER

Proceeding *pro se* and *in forma pauperis*, Randy Lenard Jenkins brings this 42 U.S.C. § 1983 action against Chatham Metropolitan Police Department Investigator Benjamin Ferrero. The Court now screens his Complaint under 28 U.S.C. § 1915A.[1]

---

[1] Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id*. Therefore, the Court examines plaintiff's Complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

Jenkins[2] was arrested for shoplifting, obstruction, and disorderly conduct in July 2014. Doc. 1 at 6. Because defendant noted that Jenkins had "attempted to shoplift" on his police reports, plaintiff believes that he was arrested without probable cause. *Id.* (arguing that "attempted [ ] shoplift[ing] . . . is not a crime in the State of Georgia.").[3] He was arrested on July 19, 2014, and a preliminary hearing was set for August 4, 2014. *Id.* Jenkins contends that he is falsely imprisoned, his "preliminary hearing was waived without [his] consent or knowledge," and the delay before being timely presented to a "judicial officer" violates the law. *Id.* at 2 & 6. He seeks release from confinement and compensation "for everyday [he] spent in jail illegally." *Id.* at 7.

Liberally construed, plaintiff's Complaint alleges an initial claim for false arrest or false imprisonment, a tort which affords a remedy for detention without legal process. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007) (a false arrest claim based on a warrantless arrest is "a species" of

---

[2] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

[3] It is. *See* O.C.G.A. §§ 16-4-1 & 16-8-14; *Stillwell v. State*, 161 Ga. App. 230 (1982).

a false imprisonment claim). That claim accrued at his arrest -- July 19, 2014 -- and the statute of limitations began to run "when [his] alleged false imprisonment end[ed]." *Id*. In a case of continuing detention (as here), "false imprisonment ends once the victim becomes held pursuant to [legal] process -- when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 389-90.

Once an arrestee's unlawful detention becomes a product of legal process, his continued custody may indeed still be unlawful, but any damages suffered after that point must be recovered under the "entirely distinct" tort of malicious prosecution, "which remedies detention accompanied not by the absence of legal process, but by *wrongful institution* of legal process." *Id*. at 390. As a result of this distinction between malicious prosecution and false imprisonment, the statute of limitations on his false imprisonment claim would have begun to run from the date that legal process was initiated against him. *Id*. It appears that Jenkins was "bound over for trial" sometime on or before August 4, 2014, when his preliminary hearing was set. Doc. 1 at 5 (someone "waived" the preliminary hearing without his consent, such that it was not held); *see Hines v. Oklahoma*, 2007 WL 3046458 at *3 (W.D. Okla.

3

Oct. 17, 2007) (the statute of limitations began to run at the latest on the date plaintiff waived his preliminary hearing and was bound over for trial). He did not signature-file this action until August 6, 2016 -- more than two years later. *Id.* at 6; *see* O.C.G.A. § 9-3-33 (two-year statute of limitations for personal injury actions). Thus, Jenkins' claim for false imprisonment is time-barred.

Jenkins' other complaints, that his preliminary hearing was not scheduled speedily enough and then waived without his consent, are also dead ends. As it appears that he was arrested without a warrant (an arrest for attempted shoplifting would most likely be made on the scene and without a warrant being drawn up, *see* doc. 1 at 6), he was "entitled to a prompt judicial determination of probable cause as a prerequisite to any extended restraint of [his] liberty." *Brown v. Eastern Judicial Circuit of Savannah*, 2012 WL 426224 at * 1 (Feb. 9, 2012) (citing *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 53 (1991) ("persons arrested without a warrant must promptly be brought before a neutral magistrate for a judicial determination of probable cause.")).[4]

---

[4] Georgia law states that a warrantless arrestee who is not brought before an appropriate judicial officer within 48 hours "shall be released," O.C.G.A. § 17-4-62, although that right is satisfied when a warrant is obtained within 48 hours of arrest

But Jenkins does not contend he was deprived of the *right* to a prompt probable cause hearing. He contends instead that his scheduled preliminary hearing was waived, without his "consent or knowledge," by counsel. Doc. 1 at 2 & 6. "In other words, it is his attorney's own ineffectiveness that [he] challenges, not some flawed judicial process or practice or some police officer's failure to bring him before a judge for a prompt determination of probable cause." *Brown*, 2012 WL 426624 at * 1. But § 1983 does not afford Jenkins a remedy against his public defender on such a claim, for a defense attorney -- even one appointed by the state -- does not act under "color of state law" within the meaning of that statute. *Polk v. Dodson*, 454 U.S. 314, 317-19 (1981); *id.* at 325 ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Regardless, it is clear that Jenkins has failed to state a claim for false arrest/false imprisonment or for the deprivation of his right to a

---

even if the arrestee is not taken before the magistrate who issues the warrant. *Capestany v. State*, 289 Ga. App. 47, 48-49 (2007). Also, even where the statute is violated, the right to release expires once a warrant or indictment is obtained. *Id*. at 50-51. An arrestee who is denied a prompt probable cause determination suffers a personal injury and is entitled to civil damages. *Id.* at 52 n. 10.

preliminary hearing against defendant Ferrero.  Though a *pro se* prisoner normally should be given an opportunity to amend his complaint at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010), "a district court need not allow amendment if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015).  Plaintiff's § 1983 claims are dead on arrival and do not appear amendable.[5]

Accordingly, Randy Lenard Jenkins' § 1983 Complaint should be **DISMISSED without prejudice.**  Meanwhile, it is time for Jenkins to pay his filing fee.  His PLRA paperwork reflects $0 in current balance and $0 in recent deposits.  Doc. 4.  He therefore owes no initial partial filing fee.  *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula).  Plaintiff's custodian (or designee) shall therefore set aside and remit 20 percent of all future deposits to his account, then forward those funds to the Clerk

---

[5] Despite the lack of any apparent basis for viable amendment, Jenkins' opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case.  He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above.  *See Willis v. Darden*, 2012 WL 170163 at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to plaintiff's account custodian immediately. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this R&R.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this  15th   day of September, 2017.

*G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA